ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CINDERELLA NURSERY DAY CARE CENTER, INC.<br><br>Recurrente<br><br>v.<br><br>BANCO DE DESARROLLO ECONÓMICO PARA PUERTO RICO<br><br>Recurrido | TA2025RA00014 | *Revisión Judicial* del Banco de Desarrollo Económico para Puerto Rico<br><br>Caso Núm.: PR-SBF-07133<br><br>Sobre: Denegación de Reconsideración (Subvención de Recuperación de Pequeñas Empresas) |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de octubre de 2025.

Cinderella Day Care, Inc. (Cinderella o recurrente) nos solicita que revisemos la *Notificación de Denegación de Reconsideración* que emitió el Banco de Desarrollo Económico para Puerto Rico (Banco o recurrido), el 2 de junio de 2025. Mediante esta, el referido foro confirmó su determinación del 29 de abril de 2025 en la cual se le exige a la recurrente el reembolso de $45,322.22.

Por los fundamentos que exponemos a continuación, se desestima el recurso contra el que aquí se recurre.

## I.

El 18 de noviembre de 2022 Cinderella y el Banco suscribieron un "Acuerdo de Subvención de Recuperación para Pequeñas Empresas" (Acuerdo).[1] Cerca de dos años y medio de haberse firmado el Acuerdo, el 29 de abril de 2025 el Banco le

---

[1] Entrada #1, Anejo 7 "Acuerdo Subvención" del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).

cursó a la recurrente una "Notificación de Reembolso" para que devolviera la cantidad de $45,322.22.[2] Según el Banco, la determinación para solicitarle a Cinderella el reembolso fue por haber utilizado asistencia financiera de dos (2) programas distintos para un mismo propósito. Esto, ya que el Programa de Financiamiento para Pequeñas Empresas (Programa SBF) prohíbe utilizar fondos que constituirían una duplicación de beneficios en virtud de cualquier otro programa.

En la referida notificación de reembolso, el Banco apercibió a Cinderella su derecho a impugnar la determinación. En específico, el recurrido dispuso:

> **Si usted no está de acuerdo con la determinación que se notifica mediante esta Notificación de Reembolso, usted podrá impugnarla.** Usted tiene derecho a presentar una Solicitud de Reconsideración al Programa directamente con el Programa SBF o a presentar una petición de Revisión Administrativa directamente con el Departamento de la Vivienda (**Vivienda**), como administrador de los fondos CDBG-DR, siguiendo el proceso establecido en el Reglamento 4953 de 19 de agosto de 1993, el cual regula los Procedimientos de Adjudicación Formal en Vivienda y sus agencias adscritas (**Reglamento 4953**). Independientemente el proceso de impugnación que usted elija, deberá hacerlo dentro del tiempo provisto para ello. De lo contrario, su inacción se considerará como una aceptación de la determinación objeto de la presente notificación.
>
> Si tiene alguna pregunta, contacte a su Oficial de Cierre, Katiria Troche por teléfono al 787-641-4300 ext. 3457, o por correo electrónico a ktroche@bde.pr.gov. Para información adicional, por favor revise las Guías del Programa SBF publicadas en inglés y español en la página web de Vivienda en https://cdbgdr.pr.gov/en/download/small-business-financing-program/ y https://cdbgdr.pr.gov/download/programa-de-financiamiento-para-pequenas-empresas/.[3]

Además, en la nota al calce uno (1) del referido aviso para impugnar la determinación del reembolso, el Banco explicó lo siguiente:

> Si desea impugnar esta determinación mediante una Solicitud de Reconsideración al Programa, deberá someter una petición de reconsideración por escrito directamente al Programa SBF, vía correo electrónico o regular, dentro de los **veinte (20) días calendario** a partir de que se archive en autos copia de la notificación. Disponiéndose que, si la fecha de archivo en autos de copia de la notificación es

---

[2] Entrada #1, Anejo 3 "Notificación Reembolso" de SUMAC TA.
[3] Íd., págs. 2-3.

distinta a la del depósito en el correo (postal o electrónico) de dicha notificación, el término de **veinte (20) días calendario** antes mencionado se calculará a partir de la fecha del envío por correo (postal o electrónico). Se considerarán válidas las notificaciones distribuidas de manera electrónica. En el caso que una notificación se envíe por correo postal y electrónico, la fecha de la notificación será la del primer envío. La Solicitud de Reconsideración al Programa puede enviarse por correo electrónico a: RECONSIDERATION.SBF.CDBGDR@bde.pr.gov o por correo postal a: Attn: Reconsideración Programa SBF, P.O. Box 2134 San Juan, PR 00922-2134. Le recomendamos que proporcione hechos o circunstancias individuales, así como documentos que apoyen y justifiquen su solicitud. El Programa emitirá una notificación que indique si acogió o denegó su solicitud y se le advertirá el derecho de solicitar una Revisión Administrativa directamente con Vivienda.

En cambio, si desea presentar una petición de Revisión Administrativa directamente a Vivienda, como recipiente de los fondos, usted habrá de seguir el procedimiento establecido en el Reglamento 4953 del 19 de agosto de 1993, el cual regula los Procedimientos de Adjudicación Formal en Vivienda y sus agencias adscritas (Reglamento 4953). El Solicitante deberá presentar la petición de revisión, por escrito, dentro de **veinte (20) días calendario**, a partir de que se archive en autos copia de la Determinación del Programa o Notificación de Solicitud de Reconsideración Denegada. Disponiéndose que, si la fecha de archivo en autos de copia de la notificación es distinta a la del depósito en el correo (postal o electrónico) de dicha notificación, el término de **veinte (20) días calendario** se calculará a partir de la fecha del depósito en el correo (postal o electrónico). Las notificaciones distribuidas mediante comunicaciones electrónicas se considerarán válidas. En el caso que una notificación se envíe por correo postal y electrónico, la fecha de la notificación será la del primer envío.

La petición de Revisión Administrativa puede enviarse por correo electrónico a: LegalCDBG@vivienda.pr.gov; o por correo postal a: División Legal CDBG-DR, P.O. Box 21365, San Juan, PR 00928-1365; o en persona en la Oficina Central del Departamento de la Vivienda, División Legal CDBG-DR, Avenida Barbosa 606, Edificio Juan C. Cordero Dávila, Río Piedras, PR, 000918.[4]

Ante la determinación del Banco, el 19 de mayo de 2025, Cinderella presentó una *Solicitud de Reconsideración*, en la que utilizó el formulario dispuesto para tal propósito, que fue acompañado en la referida "Notificación de Reembolso".[5] En síntesis, el Banco resumió las alegaciones de Cinderella en los siguientes argumentos:

---

[4] Íd.
[5] Entrada #1, Anejo 5 "Solicitud de Reconsideración" de SUMAC TA.

- Niega haber recibido y utilizado fondos de programa CDBG-DR para un mismo propósito que los fondos de ACUDEN.
- Que los fondos del programa CDBG-DR se utilizaron estrictamente para capital de trabajo, compra de equipo y materiales.
- Que cuentan con la evidencia del uso de los fondos de programa CDBG-DR y de los fondos de ACUDEN.
- Que de los fondos del programa CDBG-DR se utilizaron $32,102.36 en nómina, $7,822.86 y $6,829.92 en la compra de equipo educativo. Que el sobrante se quedó en la cuenta y se utilizó en cargos bancarios.
- Con la solicitud se proveyó copias de facturas sobre compra de equipo y evidencia de pago de nómina de empleados, las cuales constaban en el expediente del caso.[6]

De lo anterior, el Banco le cursó a Cinderella una "Notificación de Denegación a Reconsideración" en la cual declaró "No Ha Lugar" la Solicitud de Reconsideración presentada por Cinderella.[7] Este, se sostuvo en la determinación inicial del 29 de abril de 2025 y por consiguiente se exigió el reembolso de $45,322.22. Al respecto, el Banco explicó lo siguiente:

> En el presente caso al participante se le aprobó y desembolsó una subvención de $50,000.00 para ser usada como capital de trabajo. En o cerca de la aprobación y desembolso antes mencionado, al participante se le aprobó y desembolsó asistencia financiera bajo el Programa Fondos ACUDEN-PECC por $760,114.19 para ser usados como capital de trabajo. Como puede verse el propósito del uso de los fondos de ambos desembolsos son los mismos, capital de trabajo. **Corresponde al participante demostrar que los fondos de ambos programas no fueron utilizados para los mismos propósitos dentro del concepto de capital de trabajo y para los mismos periodos[8]**

En la referida denegación de reconsideración, el Banco, nuevamente apercibió a la recurrente de su derecho a impugnar la determinación en su contra. Específicamente, el recurrido explicó lo siguiente:

> **Si usted no está de acuerdo con la determinación que se informa mediante esta Notificación de Solicitud de Reconsideración Denegada, usted podrá impugnarla**. Usted tiene derecho a presentar una petición de Revisión Administrativa directamente con el Departamento de la Vivienda (**Vivienda**), siguiendo el proceso establecido en el Reglamento 9618 de 21 de noviembre de 2024, el cual

---

[6] Íd.
[7] Entrada #1, Anejo 6 "Denegatoria de Reconsideración" de SUMAC TA.
[8] Íd.

regula los Procedimientos de Adjudicación Formal en Vivienda y sus agencias adscritas (**Reglamento 9618**). La petición de revisión debe ser presentada, por escrito, dentro del término de **veinte (20) días calendario**, a partir de que se archive en autos copia de la notificación. De lo contrario, su inacción se considerará como una aceptación de esta determinación.

Si tiene alguna pregunta, comuníquese con el Oficial de Reconsideración del BDE, por correo electrónico a *reconsideration.sbf.cdbgdr@bde.pr.gov*. Para obtener más información, consulte las Guías del Programa SBF disponibles en español e inglés en la página web de Vivienda en https://cdbg-dr.pr.gov/download/programa-de-financiamiento-para-pequenas-empresas/ y https://cdbg-dr.pr.gov/en/download/small-business-financing-program/.[9]

Igualmente, en la nota al calce 1 de la denegación de reconsideración, el recurrido advirtió lo siguiente:

Si desea presentar una Solicitud de Revisión Administrativa directamente a Vivienda, como administrador de los fondos, usted habrá de seguir el procedimiento establecido en el Reglamento Núm. 9618 de 21 de noviembre de 2024 (**Reglamento 9618**), el cual regula los Procedimientos de Adjudicación Formal en Vivienda y sus agencias adscritas. El Solicitante deberá presentar la petición de revisión, por escrito, dentro de **veinte (20) días calendario**, a partir de que se archive en autos copia de la notificación. Disponiéndose que, si la fecha de archivo en autos de copia de la notificación es distinta a la del depósito en el correo (postal o electrónico) de dicha notificación, el término de **veinte (20) días calendario** se calculará a partir de la fecha del depósito en el correo o desde que fue enviado el correo electrónico, la que aplique. Se considerarán válidas todas las notificaciones distribuidas de forma electrónica. En la eventualidad de que se envíe una misma notificación por correo postal y electrónico, se considerará como la fecha de envío la que sea más antigua.

La Solicitud de Revisión Administrativa puede enviarse por correo electrónico a: LegalCDBG@vivienda.pr.gov; por correo postal a: División Legal CDBG-DR, P.O. Box 21365, San Juan, PR 0028-1365; o, en persona en la Oficina Central del Departamento de la Vivienda, División Legal CDBG-DR, Avenida Barbosa 606, Edificio Juan C. Cordero Dávila, Río Piedras, PR. 00918.

Luego de completado el Proceso Adjudicativo Administrativo, si usted aún está en desacuerdo con cualquier determinación **final** de una Solicitud de Revisión Administrativa notificada por Vivienda, podrá someter un recurso de Revisión Judicial ante el Tribunal de Apelaciones de Puerto Rico dentro de **treinta (30) días** de haberse archivado copia de la notificación, de conformidad con la Ley 201-2003, según enmendada, conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 L.P.R.A. § 24 *et seq.,* y la Sección 4.2 de la Ley 38-2017, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 L.P.R.A. § 9672.[10]

---

[9] Íd., págs. 2-3.
[10] Íd.

Inconforme, el 23 de junio de 2025, sin haber presentado la Solicitud de Revisión Administrativa, la recurrente interpuso un recurso de *Revisión Judicial* en el cual alegó los siguientes errores:

PRIMER ERROR: EL BANCO DE DESARROLLO ECONÓMICO VIOLÓ EL DEBIDO PROCESO DE LEY DE CINDERELLA POR NO CONTEMPLAR UNA REGLAMENTACIÓN APLICABLE.

SEGUNDO ERROR: ERRÓ EL BANCO DE DESARROLLO ECONÓMICO AL UTILIZAR UN REGLAMENTO INAPLICABLE AL RECLAMO DEL REEMBOLSO.

TERCER ERROR: LAS NOTIFICACIONES DEL BANCO DE DESARROLLO ECONÓMICO SON NULAS PORQUE VIOLAN EL DEBIDO PROCESO DE LEY.

El 17 de julio de 2025, el recurrido presentó *Moción de Desestimación por Falta de Jurisdicción*. En síntesis, este negó la alegada violación del Debido Proceso de Ley en su vertiente procesal, por notificación "defectuosa" y la privación de un alegado derecho propietario sobre la subvención recibida. En respuesta, el 8 de agosto de 2025, la recurrente presentó su *Oposición a Moción de Desestimación por Falta de Jurisdicción*. No obstante, este Tribunal notificó *Resolución* en la que declaró "No Ha Lugar" la *Moción de Desestimación* del recurrido.

**II.**

**A.**

La *revisión judicial* constituye el remedio exclusivo para auscultar los méritos de una decisión administrativa. La LPAU, conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601 *et seq*., según enmendada, dispone en la Sección 4.2, como sigue:

Una parte afectada **por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente**, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable a las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar

la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. […]. 3 LPRA sec. 9672. (Énfasis nuestro).

A su vez, el Artículo 4.006 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley 201 de 22 de agosto de 2003, dispone que:

El Tribunal de Apelaciones conocerá de los siguientes asuntos. . .

.    .    .    .    .    .    .    .

c. Mediante el recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. . . . 4 LPRA sec. 24y.

El Tribunal Supremo de Puerto Rico estableció que una "orden o resolución final es aquella emitida por la última autoridad decisoria o adjudicativa de la agencia administrativa." Bird Construction Corp. v. Autoridad de Energía Eléctrica, 152 DPR 928, 936 (2000). Para que una orden o resolución sea final tiene que resolver todas las controversias y no puede dejar pendiente una para ser decidida en el futuro. J. Exam. Tec. Med. V. Elías et al, 144 DPR 483, 490 (1997). Por tanto, los requisitos para que una orden emitida por una agencia pueda ser revisada por este tribunal son: (1) que la parte adversamente afectada por la orden haya agotado los remedios provistos por la agencia, y (2) que la resolución sea final y no interlocutoria. Procuradora Paciente v. MCS, 163 DPR 21, 34-35 (2004).

El objetivo principal de la *revisión judicial* se enfoca en asegurar que las agencias administrativas actúen conforme a las facultades concedidas por ley. OEG v. Martínez Giraud, 210 DPR 79, 88 (2022); Pérez López v. Depto. Corrección, 208 DPR 656, 684-685 (2022). Es norma reiterada que los procedimientos y las decisiones de los organismos administrativos están cobijados por una presunción de regularidad y corrección. Graciani Rodríguez v. Garage Isla Verde, 202 DPR 117, 126 (2019). No obstante, las

conclusiones de derecho serán revisables en todos sus aspectos por los tribunales. Sección 4.5 de la LPAU, 3 LPRA sec. 9675; Vázquez, et al. vs. DACo, 2025 TSPR 56, 215 DPR ___ (2025).

**B.**

La Sección 7 del Artículo II de la Constitución de Puerto Rico, prohíbe que cualquier persona sea privada de su libertad o propiedad sin un debido proceso de ley. LPRA, Tomo 1. Este derecho está protegido de igual forma por la Quinta y Decimocuarta Enmienda de la Constitución de Estados Unidos. LPRA, Tomo 1. A la Orden Shopping, S.E. v. A.E.E., 213 DPR 546, 555-556 (2024); PVH Motor v. ASG, 209 DPR 122, 130 (2022). Estas garantías constitucionales se extienden al ámbito administrativo. PVH Motor v. ASG, *supra,* págs. 130-131; Aut. Puertos v. HEO, 186 DPR 417, 428 (2012).

Ahora bien, para determinar si una agencia administrativa, en el transcurso de sus procedimientos, ha violentado la cláusula del debido proceso de ley es necesario examinar si la parte perjudicada tenía un interés de vida, libertad o propiedad protegido. Para reconocer que una parte tiene un interés propietario protegido por la cláusula del debido proceso de ley en su vertiente procesal, dicha parte debe tener algo más que la mera expectativa unilateral de titularidad, es decir, debe tener un derecho concreto protegido por el ordenamiento jurídico. Guzmán v. Calderón, 164 DPR 220, 313 (2005).

Por otro lado, el Tribunal Supremo Federal ha reconocido que puede existir un interés propietario sobre beneficios otorgados por el gobierno. Boards of Regents v. Roth, 408 U.S 564, 576 (1972). A esos efectos, el Tribunal Supremo Federal ha resuelto que la parte perjudicada, además de probar que tiene algo más que una mera expectativa unilateral, debe demostrar

que disfruta del beneficio o interés reclamado de conformidad con una fuente de autoridad legal, por lo cual no le puede ser negado salvo medie causa. Íd., pág. 577.

Ahora bien, cuando el Estado incurre en un procedimiento que interviene con un interés propietario viene obligado a conceder las siguientes garantías procesales: 1) notificación adecuada del proceso; 2) procedimiento ante un juez imparcial; 3) oportunidad de ser oído; 4) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; 5) derecho a estar asistido de abogado y 6) una decisión basada en el expediente adjudicativo. Rivera Rodríguez & Co. v. Stowell Taylor, 133 DPR 881 (1993).

Conviene mencionar que, la Sección 3.1 de la LPAU, 3 LPRA sec. 9641, dispone que cuando una agencia deba adjudicar formalmente una controversia, los procedimientos deberán regirse por las disposiciones del Capítulo III de la LPAU. No obstante, se considerarán procedimientos informales no cuasi-judiciales y, por tanto, no estarán sujetos a los procedimientos adjudicativos de LPAU, entre otras cosas, las subvenciones. Íd. No obstante, sí aplicará a procesos de subvenciones cuando alguna ley, regla o guía estatal o federal así lo disponga.

## C.

El Programa SBF es un programa financiado con fondos asignados por el Departamento de Vivienda y Desarrollo Urbano de los Estados Unidos. Programa de Financiamiento para Pequeñas Empresas, *Guías del Programa CDBG-DR* (28 de junio de 2023).[11] Este, se creó con el fin de cubrir el capital de operación

---

[11]Véase, Guías del Programa CDBG-DR:
recuperacion.pr.gov/download/programa-de-financiamiento-para-pequenas-empresas/?ind=1688069426969&filename=SMALL BUSINESS FINANCING PROGRAM (SBF) - PROGRAM GUIDELINES (V.7) (ES).pdf&wpdmdl=6550&refresh=68dc0775bd1e91759250293.

y el equipo móvil para pequeñas empresas y microempresas, que sufrieron pérdidas físicas y/o financieras a causa de los huracanes. Íd.

Ahora bien, como parte de los requisitos del Programa SBF para la adjudicación de asistencia financiera está el no utilizar fondos duplicados. Íd., pág. 22. Del solicitante incumplir con tal requisito, el mismo Programa SBF será el responsable de recuperar los fondos duplicados. Íd. No obstante, si el solicitante está en desacuerdo con la cantidad que el Programa SBF determinó que debían devolver, pueden impugnar la determinación. Íd., pág. 31. Si la solicitud del participante es denegada o el participante no solicita reconsideración en el mismo Programa SBF dentro del período establecido, este continuará el proceso de recobro de la cantidad determinada. Íd.

En atinente a la controversia ante nos, conviene que citemos el texto completo sobre el proceso de Reconsideración en el Programa SBF:

> Los Solicitantes que quieran impugnar una determinación del Programa podrán presentar una Reconsideración directamente al Programa sometiendo una petición por escrito, vía correo electrónico o regular, dentro de los veinte (20) días calendario a partir de que se archive en autos copia de la notificación. Disponiéndose que, si la fecha de archivo en autos de copia de la notificación es distinta a la del depósito en el correo (postal o electrónico) de dicha notificación, el término de veinte (20) días calendario antes mencionado, se calculará a partir de la fecha del depósito en el correo (postal o electrónico). Se considerarán válidas todas las notificaciones distribuidas de manera electrónica. En la eventualidad de que se envíe una misma notificación por correo postal y electrónico, se considerará como la fecha de la notificación la que sea más antigua. Las notificaciones del programa incluirán la información electrónica y postal donde se recibirán estas solicitudes. (correo electrónico: RECONSIDERATION.SBF.CDBGDR@bde.pr.gov y Attn: Reconsideración Programa SBF P.O. Box 2134 San Juan, PR 00922-2134, respectivamente). Se recomienda a los participantes que presenten una Solicitud de Reconsideración al Programa que proporcionen hechos o circunstancias individuales, así como documentos que apoyen y justifiquen su solicitud. En el proceso de Solicitud de Reconsideración, el Programa solo evaluará hechos e información que se encuentren en el expediente del Solicitante, a menos que éste presente documentación

nueva. Queda a discreción del Programa aceptar o rechazar documentación nueva basada en su relevancia a la Solicitud de Reconsideración al Programa. El Programa evaluará y contestará la Solicitud de Reconsideración dentro de los quince (15) días calendario de su recibo. Los Solicitantes serán notificados de la determinación de la Solicitud de Reconsideración al Programa por medio de una Notificación de Solicitud de Reconsideración Aprobada o Notificación de Solicitud de Reconsideración Denegada. Presentar una Solicitud de Reconsideración al Programa no sustituye, menoscaba ni imposibilita derecho legal alguno que tenga el Solicitante a objetar una determinación tomada por el Programa. Por lo tanto, los Solicitantes que entiendan que la determinación inicial del Programa es errónea podrán presentar, a su discreción, una Solicitud de Reconsideración al Programa **o una petición de Revisión Administrativa a Vivienda a tenor con el Reglamento 4953 de 19 de agosto de 1993, el cual regula los Procedimientos de Adjudicación Formal en Vivienda y sus Agencias Adscritas (Reglamento 4953).** (Énfasis nuestro). Íd., págs. 32-33.

Igualmente, es conveniente incluir la cita completa del texto

sobre la Solicitud de Revisión Administrativa:

Si un Solicitante está en desacuerdo con una determinación del Programa o con la denegatoria de una Solicitud de Reconsideración al Programa, **podrá someter directamente a Vivienda, como administrador de los fondos, una solicitud de Revisión Administrativa, de acuerdo con el mencionado Reglamento 4953.** El Solicitante deberá presentar la petición de revisión, por escrito, dentro de veinte (20) días calendario a partir de que se archive en autos copia de la notificación de una determinación del Programa o de que se archive en autos la Notificación de Solicitud de Reconsideración Denegada. Disponiéndose que, si la fecha de archivo en autos de copia de la notificación es distinta a la del depósito en el correo (postal o electrónico) de dicha notificación, el término de veinte (20) días calendario se calculará a partir de la fecha del depósito en el correo (postal o electrónico). Se considerarán válidas todas las notificaciones distribuidas de forma electrónica. En la eventualidad de que se envíe una misma notificación por correo postal y electrónico, se considerará como la fecha de envió la que sea más antigua. Podrá presentar su solicitud vía correo electrónico a: LegalCDBG@vivienda.pr.gov; vía correo postal a: División Legal CDBG-DR/MIT, P.O. Box 21365, San Juan, PR 00928-1365; o, en persona en el Departamento de la Vivienda, Oficina Central ubicado en: División Legal CDBG-DR/MIT, Avenida Barbosa 606, Edificio Juan C. Cordero Dávila, Río Piedras, P.R., 00918 Si el Solicitante está en desacuerdo con cualquier determinación final de una Solicitud de Revisión Administrativa notificada por Vivienda, podrá someter un recurso de Revisión Judicial ante el Tribunal de Apelaciones de Puerto Rico dentro de treinta (30) días de haberse archivado copia de la notificación. Véase la Ley 201-2003, según enmendada, conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA § 24 et seq., y la Sección 4.2 de la Ley 38-2017, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA § 9672. (Énfasis nuestro). Íd., págs. 33-34.

**III.**

La recurrente alega que el Banco erró al emitir dos (2) determinaciones defectuosas. En lo particular, esta aduce que la "*Notificación de Reembolso*" de 29 de abril de 2025 como en la "*Notificación de Denegación a Reconsideración*" de 2 de junio de 2025, impiden a Cinderella impugnar en sus méritos la determinación tomada por el Banco. Esto, ya que según esta, las notificaciones le advirtieron utilizar dos (2) reglamentos — Reglamento Núm. 4953 y el Reglamento Núm. 9618— dado a que, el primero se encuentra derogado y ninguno de los dos (2) contienen disposiciones aplicables a una *Petición de Revisión Administrativa.* Por tanto, Cinderella plantea que ambas notificaciones son nulas porque le refieren a un trámite inexistente.

En el caso ante nos, la subvención otorgada a la recurrente bajo el Programa SBF estaba supeditada al cumplimiento estricto de cada uno de los requisitos plasmados en las Guías del Programa CDBG-DR. Allí, se les advierte a los solicitantes que están sujetos a devolver la totalidad o parte de los fondos otorgados si se identifica que se le concedieron fondos duplicados. De ahí, el Banco indicó que Cinderella incumplió, por lo que correspondía que esta reembolsara la cantidad $45,322.22.

Según reseñamos, en la primera notificación de reembolso el Banco apercibió a la recurrente de no estar de acuerdo con la determinación, tenía derecho a presentar una *Solicitud de Reconsideración* directamente con el Programa SBF o, en la alternativa, presentar una *Petición de Revisión Administrativa* directamente con el Departamento de la Vivienda. Esta primera notificación cumplía con todo para que la recurrente pudiese revisar adecuadamente la determinación en su contra.

Específicamente, la primera notificación contenía el término para radicar la revisión y el momento que comenzaba a correr.[12] Igualmente, esta incluía la advertencia de que la inacción de la recurrente sería considerada una aceptación a la determinación. Además, la misma notificación le daba la opción a la recurrente de hacerla mediante correo postal o electrónico y se indicaron las correspondientes direcciones.

Como si fuera poco, se incluyó, además, el teléfono y correo electrónico de un oficial de cierre en caso de que la recurrente tuviese dudas del proceso. También, se anejó un formulario de solicitud de reconsideración que podía ser entregado personalmente. Inclusive, estaba tan clara esa primera notificación que la recurrente cumplió con presentar la *Solicitud de Reconsideración.*

Ahora bien, es cierto que en la primera notificación se citó el Reglamento Núm. 4953 que se encuentra derogado. No obstante, Cinderella optó por reconsiderar en el mismo Programa SBF, que era la otra alternativa que esta tenía y no a través del Reglamento Núm. 4953 derogado del Departamento de la Vivienda.

En cuanto a la segunda notificación, se incorporaron muchos elementos que ya estaban en la primera notificación. Véase, págs. 4-5 de esta Resolución. No obstante, la segunda notificación no incluyó un proceso de reconsiderar directamente con el Programa SBF, sino que en esta ocasión la única alternativa que tenía la recurrente era presentar la *Petición de Revisión Administrativa* en el Departamento de la Vivienda. Ahora bien, pese a que, en la primera notificación el Banco incluyó un reglamento derogado, **en esta segunda se citó el Reglamento Núm. 9618 activo sobre**

---

[12] Entrada #1, Anejo 3 "Notificación Rembolso" de SUMAC TA.

**Procedimientos Adjudicativos Formales del Departamento de la Vivienda y sus Agencias Adscritas (21 de noviembre de 2024)**.

Por otra parte, la recurrente alega que el Reglamento Núm. 9618 no dispone de una sección que diga expresamente "Petición de Revisión Administrativa". De esto último, la recurrente tiene razón. No obstante, esta confunde el propósito del referido reglamento, toda vez que su finalidad es establecer las bases del procedimiento adjudicativo en el Departamento de la Vivienda. La *Petición de Revisión Administrativa* es la acción que toma la recurrente de solicitar directamente en la referida agencia. El modo en que esta debía presentar la petición estaba al detalle en esa segunda notificación. Al respecto, la notificación explicó que la *Petición de Revisión Administrativa* debía ser presentada por escrito, dentro del término de veinte (20) días calendario, a partir de que se archivara en autos copia de la notificación. La misma, le daba la opción a la recurrente de hacerla mediante correo postal o electrónico. Es decir, que lo que correspondía era que la recurrente presentara la solicitud de revisión en el Departamento de la Vivienda a la dirección contenida en la referida notificación para comenzar el proceso adjudicativo que indica el Reglamento Núm. 9618.

Por tanto, si estas advertencias de revisión administrativa no son lo suficientemente detalladas, entonces no sabríamos cual sería el nivel de especificad que la recurrente busca. Dado que, el Banco no pudo haber sido más claro en explicar el proceso para recurrir mediante revisión administrativa al Departamento de la Vivienda. Así pues, resolvemos que la segunda notificación del Banco fue adecuada y no viola el debido proceso de ley.

Siendo ello así, la recurrente tenía que agotar el remedio de revisión administrativa previo a acudir ante este Tribunal mediante *Revisión Judicial*. Por lo que, no nos queda más alternativa que desestimar el recurso presentado. Sin embargo, en este caso en particular devolvemos para que la recurrente tenga la oportunidad de revisar la determinación del Banco, mediante la celebración de una vista en el Departamento de la Vivienda. De modo que, Cinderella deberá presentar la petición de revisión, por escrito, dentro de veinte (20) días calendario a partir de que se notifique esta Resolución. Asimismo, se recomienda al Banco actualizar sus Guías del Programa CDBG-DR para evitar futuras controversias.

**IV.**

Por los fundamentos que anteceden, desestimamos el recurso de *Revisión Judicial* por ser prematuro y devolvemos el caso para que se realicen los procedimientos aquí ordenados.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Domínguez Irizarry concurre con la determinación de desestimar el recurso. No obstante, entiende que tal debía ser el proceder, dado a que la notificación emitida por el Banco de Desarrollo Económico advertía inadecuadamente a la parte recurrente su derecho a un procedimiento adjudicativo ante el Departamento de la Vivienda, según lo establecido en el Reglamento 4953 del 19 de agosto de 1993, reglamentación que no estaba vigente a la fecha de la notificación.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones